Jordan Raphael (SBN 252344)
jraphael@byronraphael.com
BYRON RAPHAEL LLP
1055 West 7th Street, Suite 3300
Los Angeles, CA 90017
P: (213) 291-9800
F: (213) 277-5373

Andrew Gerber (*pro hac vice* application to be filed)
andrew@kgfirm.com
KUSHNIRSKY GERBER PLLC
27 Union Square West, Suite 301
New York, NY 10003
P: (212) 882-1320
F: (917) 398-1487

Attorneys for Plaintiff SARA M. LYONS

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| SARA M. LYONS, | Case No. |
| Plaintiff, | **COMPLAINT FOR COPYRIGHT INFRINGEMENT** |
| v. | |
| FIFTH SUN HOLDINGS, INC., GONZALES PARK, LLC d/b/a FIFTH SUN, GROUPON, INC., and AMAZON.COM, INC., | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

Case No.

1

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Sara M. Lyons ("Plaintiff"), by and through her undersigned attorneys, for her complaint against defendants Fifth Sun Holdings, Inc., Gonzales Park, LLC doing business as Fifth Sun, Groupon, Inc. ("Groupon"), and Amazon.com, Inc. ("Amazon"), (collectively, "Defendants") alleges as follows:

## NATURE OF THE ACTION

1.      Plaintiff Sara M. Lyons is an independent artist and designer based in Anaheim, California. Ms. Lyons sells original enamel pins, embroidered patches, and other products, all featuring her original designs. Ms. Lyons sells her products direct to consumers through her website, located at www.saramlyons.myshopify.com, and through authorized third-party retailers.

2.      One of Ms. Lyons's most iconic designs is the original two-dimensional artwork, entitled *Whatever Forever* (the "Original Design"), shown below.



3.      Defendants Fifth Sun Holdings, Inc. and Gonzales Park, LLC d/b/a Fifth Sun (collectively, the "Fifth Sun Defendants") operate a graphic apparel design, manufacture, and distribution business under the brand, Fifth Sun. Fifth Sun Defendants create, manufacture, advertise, and sell licensed and branded T-shirts, sweatshirts, and other

products for pop culture brands, which are then supplied and distributed to retailers. Fifth Sun Defendants also advertise product offerings on the Fifth Sun wholesale website, located at www.5sun.com, and sell products direct to consumers on the Fifth Sun e-commerce website, located at www.fifthsun.com.

4.      On the Fifth Sun wholesale website, Fifth Sun Defendants boast that "Fifth Sun is made up of a passionate team of creators who focus on integrity."  However, without obtaining or seeking any permission from Ms. Lyons, Fifth Sun Defendants created, sold, manufactured, caused to be manufactured, and/or distributed numerous products featuring a design that is substantially similar to the Original Design (the "Infringing Design"), shown below.



5.      Fifth Sun Defendants created the Infringing Design by directly tracing the Original Design. An overlay of the Original Design and Infringing Design, shown below, demonstrates that the two designs are virtually identical.

**COMPLAINT AND DEMAND FOR JURY TRIAL**



6.      Fifth Sun Defendants sold and distributed products featuring the Infringing
Design to various third-party retailers, including Defendants Groupon and Amazon
(collectively, the "Retailer Defendants"), for display and sale direct to consumers.
Examples of products featuring the Infringing Design (the "Infringing Products") are
shown below, and website listings for all known Infringing Products as of the date of this
filing are shown in Exhibit A.




7.      Ms. Lyons sent Fifth Sun Defendants notice of her copyright claims in the
Original Design in September 2018.  Flagrantly ignoring Ms. Lyons's letter and the clear
notice of the unlawful conduct described therein, Fifth Sun Defendants continued
marketing and selling the Infringing Products.  In fact, Fifth Sun Defendants even added at
least eight new Infringing Products starting in the spring of 2019.

Case No.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

8.      Plaintiff asserts claims for copyright infringement under the United States Copyright Act, 17 U.S.C. § 101 *et seq.* (the "Copyright Act") and distribution of infringing goods with copyright management information removed in violation of the Digital Millennium Copyright Act, 17 U.S.C. § 1201 *et seq.* (the "DMCA").  She seeks actual damages, disgorged profits, injunctive relief, costs, and attorneys' fees.  Given her timely registration, Plaintiff is also entitled to seek statutory damages under the Copyright Act.

## PARTIES, JURISDICTION, AND VENUE

9.      This is an action for copyright infringement under the Copyright Act and distribution of infringing goods with copyright management information removed in violation of the DMCA, 17 U.S.C. § 1202(b). The Court has subject matter jurisdiction pursuant to 17 U.S.C. § 501 and 28 U.S.C. §§ 1331 and 1338, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

10.      Plaintiff Sara M. Lyons is an individual residing in Anaheim, California.  Ms. Lyons owns the copyright for the Original Design and has satisfied the requirements of 17 U.S.C. § 411(a) prior to filing this complaint. A copy of the copyright registration certificate for the Original Design is attached as Exhibit B.  Ms. Lyons operates an e-commerce website, located at www.saramlyons.myshopify.com, through which she regularly sells products directly to consumers in this District.

11.      Defendant Fifth Sun Holdings, Inc. is a corporation organized under the laws of the State of California with its principal place of business at 495 Ryan Avenue, Chico,

---

Case No.

5

**COMPLAINT AND DEMAND FOR JURY TRIAL**

California 95973. Upon information and belief, Fifth Sun Holdings, Inc. is a corporation based in California, that does continuous and systematic business in this District and operates an interactive e-commerce website that markets to consumers in this District, offers for sale products to consumers in this District, and allows consumers in this District to enter into online transactions for a variety of products. Upon information and belief, Fifth Sun Holdings, Inc. has also committed acts outside of this District that caused injury to Lyons within this District; regularly does or solicits business in this District; derives substantial revenue from goods sold or services rendered in this District; expects or reasonably should expect its infringing conduct to have consequences in this District; and derives substantial revenue from interstate commerce.

12.    Gonzales Park, LLC d/b/a Fifth Sun is a limited liability company organized under the laws of the State of California with its principal place of business at 495 Ryan Avenue, Chico, California 95973. Upon information and belief, Gonzales Park, LLC is a company based in California, that does continuous and systematic business in this District and operates an interactive e-commerce website that markets to consumers in this District, offers for sale products to consumers in this District, and allows consumers in this District to enter into online transactions for a variety of products. Upon information and belief, Gonzales Park, LLC has also committed acts outside of this District that caused injury to Lyons within this District; regularly does or solicits business in this District; derives substantial revenue from goods sold or services rendered in this District; expects or

Case No.

6

**COMPLAINT AND DEMAND FOR JURY TRIAL**

reasonably should expect its infringing conduct to have consequences in this District; and derives substantial revenue from interstate commerce.

13.    Defendant Groupon is a publicly traded corporation organized under the laws of the State of Delaware with its principal place of business at 600 West Chicago Avenue, Suite 400, Chicago, Illinois 60654. Groupon does systematic business in California and in this District; and routinely sells and ships goods to consumers here. Groupon has also committed acts outside of California that caused injury to Ms. Lyons within this District; regularly does or solicits business in this District; derives substantial revenue from goods sold or services rendered in this District; expects or reasonably should expect its infringing conduct to have consequences in this District; and derives substantial revenue from interstate commerce. Upon information and belief, Groupon is the parent company of Groupon Goods, Inc. and LivingSocial, LLC.

14.    Defendant Amazon is a publicly traded corporation organized under the laws of the State of Delaware with its principal place of business at 410 Terry Avenue North, Seattle, Washington 98109. Amazon has numerous offices, fulfillment centers, warehouses, and other locations in this District.  Amazon does systematic business in this District; and routinely sells and ships goods to consumers here. Amazon has also committed acts outside of California that caused injury to Ms. Lyons within this District; regularly does or solicits business in this District; derives substantial revenue from goods sold or services rendered in this District; expects or reasonably should expect its infringing

conduct to have consequences in this District; and derives substantial revenue from interstate commerce.

15.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400 because Defendants have committed unlawful acts of infringement in this District, Defendants' unlawful conduct resulted in damage to Plaintiff in this District, and Defendants do business, may be found, and are subject to personal jurisdiction here.

## FACTUAL BACKGROUND

### A.    Plaintiff's Original Design

16.    Ms. Lyons is a popular independent artist and designer who makes a living selling her original designs in the form of enamel pins, embroidered patches, and other products. Known for irreverent interpretations of symbols of contemporary culture, Ms. Lyons has a large and devoted base of fans and consumers.

17.    Ms. Lyons sells a variety of products featuring her original designs direct to consumers through her e-commerce website and online storefront, located at www.saramlyons.myshopify.com, and through various authorized third-party websites and retailers.

18.    Ms. Lyons created the Original Design in 2013.

19.    Since creating the Original Design, Ms. Lyons has used it as the underlying art for various products she sells directly and through authorized licensees. A few examples of original and licensed products featuring the Original Design are shown below.

  

  

20.    Ms. Lyons holds federal copyright registration No. VA0001952541 for the Original Design. The corresponding copyright registration certificate is attached as Exhibit B. The Original Design was registered well before the infringement alleged herein.

21.    Numerous forms of copyright management information, namely Ms. Lyons's signature, name, logo, website address, social media handle, and copyright notice featuring the "©" copyright symbol are included on authorized copies of the Original Design and their packaging, as shown below. This information, which is created and placed on authorized copies of the Original Design and their packaging via a digital and technological

**COMPLAINT AND DEMAND FOR JURY TRIAL**

process involving computer and printing machinery, serves to identify Ms. Lyons as the author and copyright owner of the Original Design.



  

Plaintiff further conveys such copyright management information in connection with the Original Design on her website, social media accounts, and third-party websites.

## B.    <u>Defendants' Infringements and Unlawful Conduct</u>

22.    Fifth Sun Defendants operate a graphic apparel manufacturing and distribution business under the brand "Fifth Sun" that designs, manufactures, advertises, and sells licensed and branded T-shirts, accessories, and other products. Fifth Sun Defendants primarily create and manufacture licensed T-shirts for pop culture brands, which are then supplied and distributed to retailers including, but not limited to, the Retailer

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Defendants. Fifth Sun also advertises, sells, and distributes its products direct to consumers on its e-commerce website.

23. Defendant Groupon advertises and sells apparel, accessories, and other products on its e-commerce websites under the brands, "Groupon Goods" and "LivingSocial Shop," located respectively at www.groupon.com/goods and www.livingsocial.com/goods, (collectively, the "Groupon Websites"). Groupon advertises and sells products for short periods of time, typically a few weeks or less. In 2020, Groupon reported over $1.4 billion in annual revenues.

24. Defendant Amazon is one of the largest e-commerce retailers in the world. In 2020, Amazon reported over $386 billion in annual revenue. Amazon advertises and sells a wide variety of products on its e-commerce website, located at www.amazon.com (the "Amazon Website") and via its branded mobile application. Products on the Amazon Website that are identified as "ships from and sold by Amazon.com" are offered for sale, packaged, and shipped directly by Amazon from its warehouses.

25. In or around 2018, Fifth Sun agreed to supply and distribute to Groupon for sale to consumers a T-shirt featuring the Infringing Design (the "Groupon Product"). The Groupon Websites list the Groupon Product under the style name, "Whatever Hands," as part of the "Women's 90s' Nostalgia Licensed Clueless Tops" collection.

26. In September 2018, after discovering Groupon was advertising and offering for sale the Groupon Product on the Groupon Websites, Ms. Lyons sent Groupon a cease-

and-desist letter, demanding that Groupon immediately stop selling and displaying the Groupon Product and provide information regarding the Groupon Product's sales, distribution, and suppliers, including Fifth Sun.

27.    Groupon did not substantively respond to Ms. Lyons's claims. Instead, Groupon merely removed the listing for the Groupon Product and deferred to Fifth Sun Defendants for a substantive response. The Groupon Product is still being displayed and advertised on the Groupon Goods-branded website as of the filing of this Complaint, now over 2 years since receiving notice of Ms. Lyons's copyright claims in the Original Design.

28.    In response to Ms. Lyons's letter regarding the Groupon Product, Fifth Sun Defendants denied any liability for copyright infringement and refused to provide any of the information Ms. Lyons requested, nor did it otherwise engage in settlement negotiations.

29.    In fact, Fifth Sun Defendants continued to distribute products featuring the Infringing Design to other retailers. From in or around September 2018 through December 2018, Amazon advertised and offered for sale a T-shirt featuring the Infringing Design (the "Initial Amazon Product") on the Amazon Website. Upon information and belief, Fifth Sun Defendants created and sold the Initial Amazon Product to Amazon. Amazon then advertised and offered the Initial Amazon Product for sale direct to consumers on the Amazon Website.

Case No.

12

**COMPLAINT AND DEMAND FOR JURY TRIAL**

30.    In or around December 2018 or January 2019, Amazon removed the listing for the Initial Amazon Product from the Amazon Website.  However, in or around May or June 2019 through October 2019, Amazon restored the listing for the Initial Amazon Product on the Amazon Website and added eight additional listings for other products featuring the Infringing Design (collectively with the Initial Amazon Product, the "Amazon Products").

31.    A comparison of the Original Design and corresponding details from the Groupon Product and the Initial Amazon Product are shown in Exhibit C.

32.    Not only did Fifth Sun Defendants continue to create and distribute products featuring the Infringing Design to retailers after receiving notice of Ms. Lyons's copyright claims in the Original Design, Fifth Sun Defendants expanded the product offerings that feature the Infringing Design and supplied to Amazon at least nine of those products to be advertised and offered for sale direct to consumers.  The website listings for these Infringing Products are shown in Exhibit A.  In the process of unlawfully creating, copying, reproducing, distributing, adapting, and/or publicly displaying the Infringing Products without the consent, permission, or authority of Ms. Lyons, Fifth Sun Defendants intentionally removed the copyright management information that Ms. Lyons placed on authorized copies of the Original Design and their packaging with the intent to induce, enable, facilitate, or conceal an infringement of Ms. Lyons's rights under the Copyright Act.

Case No.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

33.    Upon information and belief, Fifth Sun Defendants unlawfully created and distributed copies of the Original Design with the knowledge and intent that Ms. Lyons's copyright management information had been removed therefrom.  Upon information and belief and without Ms. Lyons's authorization, Fifth Sun Defendants created and distributed the Infringing Products, which features copies of the Original Design that are missing the copyright management information placed on authorized copies of the Original Design and their packaging.

34.    Fifth Sun Defendants' infringement of the Original Design has been flagrant and willful.  Fifth Sun Defendants never attempted to contact Ms. Lyons to inquire about properly licensing her work.  Instead, Fifth Sun Defendants simply copied it, without Ms. Lyons's permission, and without including Ms. Lyons's signature, name, logo, website address, social media handle, or copyright notice featuring the "©" copyright symbol, information Ms. Lyons places on authorized copies of the Original Design and their packaging.  Despite having formal notice of Ms. Lyons's claim of authorship in the Original Design, Fifth Sun Defendants continued to sell the Infringing Products with the copyright management information removed.  Moreover, Retailer Defendants either had actual knowledge that the Infringing Products violated Ms. Lyons's rights in the Original Design, or they failed to implement even the most basic safeguards or policies to prevent such blatant copying.

35.     Ms. Lyons has been significantly damaged by these unlawful uses of the Original Design.  Despite efforts to resolve this matter amicably, Ms. Lyons has been forced to file this lawsuit in order to protect her rights and livelihood.

36.     Ms. Lyons seeks actual damages, disgorged profits, statutory damages, injunctive relief, and other relief as the Court deems just and proper.

## FIRST CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT - 17 U.S.C. § 501, *et seq*.
### (Against All Defendants)

37.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 36 above and incorporates them herein by this reference.

38.     Plaintiff is the legal owner of all right, title, and interest in the Original Design. Plaintiff is the legal owner of the copyright in that work.

39.     Defendants have copied, reproduced, distributed, adapted, and/or publicly displayed elements of the Original Design without the consent, permission, or authority of Plaintiff.

40.     Defendants have infringed the copyright in the Original Design by placing a substantially similar design onto the Infringing Products, which were created, distributed, and/or displayed without Plaintiff's authorization.

41.     Defendants' conduct constitutes infringement of Plaintiff's copyright and exclusive rights in violation of 17 U.S.C. §§ 106 and 501.

42.    Defendants' acts of infringement have been willful, intentional, purposeful, and in reckless disregard of and with indifference to the rights of Plaintiff.

43.    As a result of Defendants' acts of copyright infringement as alleged herein, Plaintiff has suffered and will continue to suffer damages in the United States and around the world in an amount yet to be determined.

44.    Plaintiff is entitled to her actual damages and Defendants' profits attributable to the infringement both in the United States and around the world, pursuant to 17 U.S.C. § 504.

45.    Alternatively, Plaintiff is entitled to statutory damages, pursuant to 17 U.S.C. § 504.

46.    Defendants' acts have caused and will continue to cause irreparable harm to Plaintiff unless restrained by this Court.

47.    Plaintiff is entitled to an order enjoining and restraining Defendants, during the pendency of this action and permanently thereafter, from manufacturing, distributing, importing, exporting, marketing, displaying, offering for sale, or selling the Infringing Products or any other products which bear substantially similar copies of Plaintiff's copyrighted Original Design.

48.    Plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
## DISTRIBUTION OF INFRINGING GOODS WITH COPYRIGHT
## <u>MANAGEMENT INFORMATION REMOVED - 17 U.S.C. § 1202(b)</u>
### (Against Fifth Sun Defendants)

49.    Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 48 above and incorporates them herein by this reference.

50.    The Original Design includes conspicuous copyright management information, which is conveyed in connection with the Original Design as well as authorized products featuring the Original Design and their packaging and protected under 17 U.S.C. § 1202(b).

51.    Plaintiff further conveys such copyright management information in connection with images of the Original Design that appear on her website, her social media accounts, and third-party websites.

52.    Fifth Sun Defendants knowingly distributed the Infringing Products which feature a copy of the Original Design that is missing the copyright management information placed on authorized copies of the Original Design and its packaging.

53.    Fifth Sun Defendants were on notice that they were selling infringing goods with copyright management information removed and continued to do so even after receiving such notice.

54.    Upon information and belief, Fifth Sun Defendants knowingly sourced, sold, and distributed the Infringing Products, which feature a copy of the Original Design that is

missing the copyright management information placed on authorized copies of the Original Design and its packaging.

55.     Upon information and belief, Fifth Sun Defendants knowingly sold infringing products featuring copies of the Original Design from which copyright management information had been intentionally removed.

56.     Fifth Sun Defendants knowingly distributed and imported for distribution unauthorized copies of the Original Design from which copyright management information had been intentionally removed.

57.     Fifth Sun Defendants distributed the Infringing Products with the knowledge that doing so would induce, enable, facilitate, or conceal an infringement of Plaintiff's rights under the Copyright Act, 17 U.S.C. § 101 et seq.

58.     Fifth Sun Defendants engaged in these activities without the consent or authorization of Plaintiff.

59.     Plaintiff has been injured as a result of this violation of 17 U.S.C. § 1202(b) and is entitled to injunctive relief, impounding of the Infringing Products, damages, costs, and attorneys' fees. Pursuant to 17 U.S.C. § 1203(c)(3), Plaintiff may also elect to recover statutory damages of up to $25,000 for each violation of 17 U.S.C. § 1202(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment as follows:

1.     Awarding Plaintiff her actual damages in connection with Defendants'
copyright infringement;

2.     Awarding Plaintiff all of Defendants' disgorged worldwide profits from sales
of the Infringing Products;

3.     Awarding Plaintiff statutory damages under the Copyright Act, 17 U.S.C.
§ 504(c), as well as attorneys' fees and costs under the Copyright Act, 17 U.S.C. § 505;

4.     Awarding Plaintiff $25,000 per violation of 17 U.S.C. § 1202(b), ordering the
impounding of the Infringing Products under 17 U.S.C. § 1203, and awarding Plaintiff's
costs and attorneys' fees under 17 U.S.C. § 1203;

5.     Granting an injunction that permanently restrains and enjoins Defendants
from copying, reproducing, distributing, adapting, and/or publicly displaying the Original
Design or any elements thereof;

6.     Awarding Plaintiff interest, including prejudgment interest, on the foregoing
sums; and

7.     Awarding Plaintiff such other and further relief as the Court may deem just
and proper.

Dated: June 6, 2021                          BYRON RAPHAEL LLP

                                             By: /s/  Jordan Raphael
                                             Jordan Raphael

                                             KUSHNIRSKY GERBER PLLC

                                             Attorneys for Plaintiff SARA M. LYONS

Case No.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all issues so triable in this action.

Dated: June 6, 2021                                  BYRON RAPHAEL LLP

By: /s/ Jordan Raphael
Jordan Raphael

KUSHNIRSKY GERBER PLLC

Attorneys for Plaintiff SARA M. LYONS

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Case No.

1
2
3
4
5                                    **<u>EXHIBIT A</u>**
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1

**Groupon Website Groupon Goods Branded Listing for Whatever Hands:**

2



3

4

5

6

7

8

9

10

11

12

13

14

**Groupon Website LivingSocial Branded Listing for Whatever Hands:**

15



16

17

18

19

20

21

22

23

24

25

26

27

28

Case No.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

### Amazon Website Listing for Clueless Whatever Forever Hands T-Shirt:



### Amazon Website Listing for Clueless Whatever Forever Hands Premium T-Shirt:



### COMPLAINT AND DEMAND FOR JURY TRIAL

Case No.

**Amazon Website Listing for Clueless Whatever Forever Hands Long Sleeve T-Shirt:**



**Amazon Website Listing for Clueless Whatever Forever Hands Pullover Hoodie:**



Case No.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**Amazon Website Listing for Clueless Whatever Forever Hands Raglan Baseball Tee:**



**Amazon Website Listing for Clueless Whatever Forever Hands Sweatshirt:**



Case No.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

### Amazon Website Listing for Clueless Whatever Forever Hands Tank Top:



### Amazon Website Listing for Clueless Whatever Hand W Symbol Pocket Hit Graphic T-Shirt:



## Amazon Website Listing for Womens Clueless Whatever Forever Hands V-Neck T-Shirt:



**COMPLAINT AND DEMAND FOR JURY TRIAL**

Case No.

1
2
3
4
5 **<u>EXHIBIT B</u>**
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

## VA 1-952-541

**Effective Date of Registration:**
March 18, 2015

### Title _____

**Title of Work:** Whatever Forever

### Completion/Publication _____

**Year of Completion:** 2013
**Date of 1st Publication:** February 11, 2013
**Nation of 1ˢᵗ Publication:** United States

### Author _____

- **Author:** SARA LYONS
  **Author Created:** 2-D artwork
  **Citizen of:** United States
  **Domiciled in:** United States
  **Year Born:** 1985

### Copyright Claimant _____

**Copyright Claimant:** SARA LYONS
543 West Hampshire Ave., Apt. 1, Anaheim, CA, 92805, United States

### Rights and Permissions _____

**Name:** Tristram Buckley
**Email:** tristram_buckley@yahoo.com
**Telephone:** (310)980-1842
**Address:** 426 S. Rexford Drive
Suite 12
Beverly Hills, CA 90212

### Certification _____

**Name:** Tristram Buckley
**Date:** March 18, 2015

Page 1 of 2

Case No.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>EXHIBIT C</u>**

Case No.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| Original Design | Details of Infringing Products |
|---|---|
|  |  Groupon Product |
| |  Initial Amazon Product |

**COMPLAINT AND DEMAND FOR JURY TRIAL**